UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISAM ELWADI,

    Plaintiff,

v.                                            Case No: 2:17-cv-646-FtM-99CM

YASSIR ALAM, LLC and YASSIR
HASSAN,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendants' Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction, or in the Alternative, for Summary Judgment (Doc. 10) filed on December 14, 2017. Defendants also filed an Affidavit of Yassir Hassan (Doc. 11) in support. Plaintiff filed a Response in Opposition (Doc. 17) on January 8, 2018, and Defendants replied (Doc. 23). For the reasons set forth below, the Motion is granted in part and denied in part, with leave to amend.

## BACKGROUND

Plaintiff Isam Elwadi (Plaintiff or Elwadi) has filed a three-count Complaint (Doc. 1) against his former employers, Yassir Alam, LLC and Yassir Hassan, for unpaid minimum wages and overtime in violation of the Fair Labor Standards Act (FLSA), and unpaid

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

minimum wages in violation of the Florida Minimum Wage Act (FMWA). Plaintiff claims that on or about June 15, 2016, he began working for Defendants as a cashier at a mini mart and adjacent restaurant, operated by Yassir Hassan. (Doc. 1, ¶ 17). Elwadi earned a weekly salary of $350.00 and continued to work for Defendants until on or about September 3, 2017, sometimes in excess of 40 hours per week. (*Id.* at ¶¶ 18, 25).

Plaintiff has alleged jurisdiction over his claims under 28 U.S.C. § 1331 under the FLSA, 29 U.S.C. § 206. (Doc. 1, ¶ 2.) Plaintiff claims Defendants were an enterprise covered by the FLSA, handling goods in interstate commerce, earning more than $500,000 in gross sales annually (also known as "enterprise coverage"). (*Id.* at ¶¶ 3-4, 14.) Defendants move to dismiss the Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and (b)(6), claiming that their business does not qualify under the "enterprise" or "individual" coverage provisions of the FLSA. Defendants argue that Plaintiff cannot demonstrate that Defendants' annual gross income for 2016-17 was more than $500,000 under the purview of the FLSA. 29 U.S.C. § 203(s)(1)(A)(i)–(ii). In support, Defendants attach an Affidavit of Yassir Hassan and certain tax information for Yassir Alam, LLC and Yassir Hassan for the 2016[2] tax year. (Doc. 11). Because Defendants have attached these documents, they argue that the Court may consider them by converting the Motion to Dismiss into a request for summary judgment. Defendants also argue that Plaintiff does not allege that Defendants had two or more employees engaged in commerce, as required for enterprise coverage. Finally, Defendants assert that pre-suit notice was not provided prior to the filing of a claim under the Florida Minimum Wage Act.

---

[2] Although Plaintiff worked for Defendants until September 2017, Defendants only attach tax information for 2016.

Plaintiff responds that the Court should not consider the Motion under Federal Rule 12(b)(1) because a finding of enterprise coverage is not a jurisdictional prerequisite to an FLSA claim; therefore, Plaintiff argues that the Court should not consider the tax information Defendants provided. Plaintiff states that under the Federal Rule 12(b)(6) standard, the allegations are sufficient to state a claim, and summary judgment would be premature. Finally, Plaintiff informs the Court he provided pre-suit notice to Defendants, and attaches the letter he sent, and correspondence received from Defendants in response to the pre-suit notice letter. (Docs. 17-1 – 17-3).

## DISCUSSION

### A. Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action if the Court lacks subject-matter jurisdiction. A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Because the Motion to Dismiss in this case involves a factual attack to the Court's subject-matter jurisdiction, the Court may generally look outside of the allegations in the Complaint and may use materials extrinsic from pleadings, such as affidavits or testimony. *Stalley ex. rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008). The Eleventh Circuit has also stated though that "[w]e have cautioned [] that the district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction *do not implicate the merits of 's cause of action*.'" *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir. 2008) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (emphasis in original)). "If a jurisdictional challenge does implicate the merits of the underlying claim

then: '[T]he proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.'" *Id.* "[J]urisdiction becomes intertwined with the merits of a cause of action when 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" *Id.*

Like this case, *Turcios* was an FLSA case involving a factual attack on jurisdiction. There, the court noted that whether a defendant was an "[e]nterprise engaged in commerce or in the production of goods for commerce" implicates both the merits of an FLSA claim and the jurisdictional question. *Id.* at 882. The court found that the same operative facts determined whether plaintiff could sue under the FLSA statute, and the scope of the statute's coverage. *Id.* The court held that the district court erred in applying the Rule 12(b)(1) standard in determining annual gross sales rather than the standards applicable under Federal Rule 56 and remanded the case for such an analysis. *Id.* at 882-83.

Here, as in *Turcios*, to engage in a Rule 12(b)(1) analysis would be premature and the Court declines to engage in a Rule 56 summary judgment review since the parties have not yet commenced discovery, and Plaintiff has not yet been given an opportunity to assess the accuracy and completeness of Defendants' financial information. Based upon the allegations in the Complaint, the Court is satisfied that Plaintiff has met his burden to establish subject-matter jurisdiction. The Court notes though that subject-matter jurisdiction remains a "live" issue for the duration of the case.

**B. Fed. R. Civ. P. 12(b)(6)**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). In addition, to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Like its counterpart above, Rule 12(b)(6) requires more than "unadorned, the-defendant-unlawfully-harmed-me" accusations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). But, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability [also] fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. *See Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Only the second element is at issue here as Defendants argue that Elwadi has not plausibly alleged that he engaged in interstate commerce (commonly known as "individual coverage") or that Yassir Alam, LLC and Yassir Hassan engaged in interstate commerce (commonly known as "enterprise coverage"). Plaintiff responds that they are not alleging individual coverage; rather, he is only pleading enterprise coverage. (Doc. 17, p. 12). Thus, the Court will only analyze whether enterprise coverage has been plausibly alleged.

FLSA enterprise coverage requires that an enterprise have "employees engaged in commerce or in the production of goods for commerce," or have "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A). And the enterprise must have greater than $500,000 in "annual gross volume of sales made or business done." *Id.* Because today nearly all goods and materials are moved in or produced via interstate commerce, "virtually every business meeting the annual gross value requirement" is subject to enterprise coverage. *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, No. 07-CV-2359, 2008 WL 793660, at *2 n.6 (M.D. Fla. Mar. 24, 2008). This includes a purely "local

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. *See Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Only the second element is at issue here as Defendants argue that Elwadi has not plausibly alleged that he engaged in interstate commerce (commonly known as "individual coverage") or that Yassir Alam, LLC and Yassir Hassan engaged in interstate commerce (commonly known as "enterprise coverage"). Plaintiff responds that they are not alleging individual coverage; rather, he is only pleading enterprise coverage. (Doc. 17, p. 12). Thus, the Court will only analyze whether enterprise coverage has been plausibly alleged.

FLSA enterprise coverage requires that an enterprise have "employees engaged in commerce or in the production of goods for commerce," or have "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A). And the enterprise must have greater than $500,000 in "annual gross volume of sales made or business done." *Id.* Because today nearly all goods and materials are moved in or produced via interstate commerce, "virtually every business meeting the annual gross value requirement" is subject to enterprise coverage. *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, No. 07-CV-2359, 2008 WL 793660, at *2 n.6 (M.D. Fla. Mar. 24, 2008). This includes a purely "local

business if the business meets the annual gross value requirement and employs workers who handle goods or materials that have moved or been produced in interstate commerce." *Id.*

Elwadi alleges that Yassir Alam, LLC is an enterprise engaged in interstate commerce and that the company's annual gross revenue exceeded $500,000 during the time he was employed there. (Doc. 1, ¶¶ 2-4). As discussed above, Defendants contend that the Court need not accept Elwadi's conclusory allegation that its annual gross revenue exceeds $500,000. However, at the pleading stage "bare bones [revenue] allegations are acceptable for enterprise coverage" because an employee cannot be expected to have specific knowledge of his employer's finances. *Id.* Thus, the Court is satisfied at the pleading stage regarding the $500,000 threshold.

The Court agrees though that Plaintiff has failed to allege Defendants employed more than two individuals engaged in interstate commerce during the relevant time period, as a review of the Complaint shows that Elwadi does not allege there were any other employees besides himself. This may be cured by amendment.

Next, Defendants argue that dismissal is appropriate because Plaintiff does not specify his regular hourly rate, the number of hours he worked per week, or any activities her performed. This argument fails. Plaintiff plausibly alleges that he was a cashier and was not paid proper overtime and minimum wages from at least June 2016 until September 2017, which the Court accepts as true. (Doc. 1, ¶¶ 17-19.) He also alleges he was paid $350.00 per week, even though he worked in excess of forty hours per week. (*Id.* at ¶ 18, 25). Additional information may be revealed during discovery, but these allegations are sufficient. The Motion to Dismiss on this basis is denied.

### C. Florida Minimum Wage Act and Pre-Suit Notice

The parties agree that pre-suit notice to the employer is required prior to bring a claim under the Florida Minimum Wage Act. Fla. Stat. § 448.110(6)(a). In their initial brief, Defendants dispute whether pre-suit notice was actually provided, and Yassir Hassan attests that it was not. *See* Doc. 11. In response, Plaintiff attaches his pre-suit notice letter, along with the signed certified mail receipt, showing it was received by Defendants. (Docs. 17-1, 17-2). In addition, Plaintiff attaches a letter his counsel received from Yassir Hassan's partner, Tammi Gilbert, in response to the pre-suit notice letter, which states: "This named individual has never been employed by this company." (Doc. 17-3). Based upon this, Plaintiff states that the Affidavit of Yassir Hassan is knowingly false, and requests that the Court award him his attorney's fees incurred for having to respond to the Hassan Affidavit. Defendants clear this up in their Reply brief by attaching an Affidavit from Tammi Gilbert, wherein she attests that Yassir Hassan was not aware of the pre-suit notice letter; instead, she received the letter and responded without Hassan's knowledge. (Doc. 23-1).

The Court easily finds that pre-suit notice was provided as Plaintiff mailed the letter to Defendants' place of business, certified mail return receipt requested, and the letter was signed for and accepted at the location.[3] Therefore, the Motion to Dismiss on this basis is denied. The Court declines to impose sanctions on Defendants because it appears that neither Mr. Hassan, nor his counsel, knew of the pre-suit notice letter when their initial brief and Affidavit were filed.

---

[3] Although Defendants want the Court to disregard the return receipt and letter from Tammi Gilbert as unauthenticated evidence, the Court sees no reason to doubt that Defendants received the letter and Defendants have provided the Court with no legal basis to exclude the particular method of notification under the Florida Minimum Wage Act.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction, or in the Alternative, for Summary Judgment (Doc. 10) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted to the extent that Counts I and II of Plaintiff's Complaint (Doc. 1) are **dismissed without prejudice** with leave to amend to properly allege enterprise coverage. Plaintiff must file his Amended Complaint by **February 12, 2018**. Defendants other bases for dismissal, and request for summary judgment, are denied.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of January, 2018.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record