UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISAM ELWADI,

       Plaintiff,

v.                                       Case No: 2:17-cv-646-FtM-99CM

YASSIR ALAM, LLC and YASSIR
HASSAN,

       Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint With Prejudice for Failure to State a Claim and for Witness Tampering (Doc. 27) filed on February 21, 2018. Plaintiff filed a Response in Opposition (Doc. 33) and Notice of Corrected Declaration of Isam Elwadi (Doc. 35), and Defendants filed a Reply (Doc. 41) on March 15, 2018. Defendant's Motion is now ripe for review.

## Background

This case involves claims for unpaid wages and overtime in violation of the Fair Labor Standards Act (FLSA, Counts 1 & 2) and Florida Minimum Wage Act (FMWA, Count 3). Plaintiff Isam Elwadi claims that on or about June 15, 2016, he began working for Defendants as a cashier at a mini mart and adjacent restaurant, operated by Yassir

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Hassan. (Doc. 25, ¶ 18). Elwadi earned a weekly salary of $350.00 and continued to work for Defendants until on or about September 3, 2017, sometimes in excess of 40 hours per week. (*Id.* at ¶¶ 19-20). The Court previously granted in part Defendants' Motion to Dismiss the initial Complaint (Doc. 1), finding that Plaintiff had failed to allege that Defendants employed more than two individuals engaged in interstate commerce during the relevant time period in support of enterprise coverage. (Doc. 24). Plaintiff then filed an Amended Complaint (Doc. 25) which Defendants again move to dismiss, arguing that Plaintiff's Amended Complaint is still deficient. Defendants also argue the Court should dismiss the case with prejudice because Plaintiff has bribed witnesses and committed other discovery violations.

**Standard**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In addition, to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." *Id.* at 555; *see also Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Like its counterpart above, Rule 12(b)(6) requires more than "unadorned, the-defendant-unlawfully-harmed-me" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). But, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability [also] fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## Discussion

To establish jurisdiction under the FLSA, the plaintiff-employee must establish some connection to interstate commerce. To do this, plaintiff must demonstrate that either the "enterprise" or the "individual" engaged in interstate commerce. 29 U.S.C. §§ 206(a), 207(a)(1); see also Martinez v. Palace, 414 F. App'x 243, 245 (11th Cir. 2011); Thorne v. All Restoration Serv., Inc., 448 F.3d 1264, 1265–66 (11th Cir. 2006). "[T]he requirements to state a claim of a FLSA violation are quite straightforward." Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege: (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. See Morgan v. Family Dollar

*Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Only the second element is at issue here.

FLSA enterprise coverage requires that an enterprise have "employees engaged in commerce or in the production of goods for commerce," or have "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A). Based upon the definition, an employer is only considered an "enterprise engaged in commerce" if it has *two or more* employees who are engaged in commerce. *Amorim v. GMR Int'l Cuisine, Inc.*, Case No.: 6:17-cv-578-Orl-37TBS, 2017 WL 3835860, *3 (M.D. Fla. Aug. 9, 2017). For an employee to be "engaged in commerce", the employee "must be directly participating in the actual movement of persons or things in interstate commerce by: (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in [her] work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne*, 448 F.3d at 1266.

Here, Plaintiff alleges that Defendants are employers as defined by the FLSA and that Defendants operate a "business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the FLSA." (Doc. 25, ¶ 2). Plaintiff further alleges:

> 3. During all times during Plaintiff's employment with the Defendants, the Defendants employed at least four (4) employees engaged in interstate commerce.
>
> 4. Defendants, YASSIR ALAM, LLC and HASSAN operated a mini mart and adjacent restaurant. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate

4

> commerce. Specifically, the Plaintiff handled food, drinks and other materials which were originally manufactured outside the State of Florida.

(*Id.* at ¶¶ 3-4). Defendants argue that Plaintiff has still not plausibly alleged that more than one employee was involved in handling of goods and materials.

The Court finds that the allegations are still insufficient. Plaintiff only generally alleges that Defendants employed at least four employees engaged in interstate commerce, and the only factual allegations regarding the nature of Defendants' business, its customers, of the types of services that it provides are at Paragraph 4, which only lists the nature of *Plaintiff's* work engaging in interstate commerce, not that any other employee performed such work. Therefore, because the Court finds no allegations that Defendants have two or more employees who are engaged in interstate commerce, Plaintiff has failed to establish enterprise coverage under the FLSA. Because Plaintiff has failed to sufficiently plead either enterprise or individual coverage[2] under the FLSA after the Court afforded him the opportunity to amend, Counts 1 and 2 will be dismissed without prejudice. The Court declines to maintain supplemental jurisdiction over Plaintiff's remaining state law claim (Count 3). 28 U.S.C. § 1367(c)(3).

With regard to the issue of witness tampering, the Court declines to impose sanctions. After review of the parties' arguments and attachments, the Court notes the issue of whether evidence has been fabricated and other allegations of misconduct are more of a dispute regarding the credibility of witnesses involved in the normal discovery, fact-finding process.

---

[2] Plaintiff previously stated that he does not allege individual coverage under the FLSA. (Doc. 17, p. 12).

5

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss Plaintiff's Amended Complaint With Prejudice for Failure to State a Claim and for Witness Tampering (Doc. 27) is **GRANTED in part and DENIED in part**.

1. The Motion is GRANTED to the extent that Plaintiff's Amended Complaint (Doc. 25) is dismissed without prejudice.
2. Plaintiff's request for sanctions is DENIED.
3. The Clerk is directed to enter judgment accordingly, terminate any pending deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of March, 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record