UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISAM ELWADI,

      Plaintiff,

v.                                           Case No:   2:17-cv-646-FtM-38CM

YASSIR ALAM, LLC and YASSIR
HASSAN,

      Defendants.

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Defendants' Verified Motion for Attorney's Fees filed on April 4, 2018. Doc. 49.[2] Plaintiff Isam Elwadi ("Elwadi") filed a response in opposition on April 25, 2018. Doc. 52. With leave of Court, Defendants filed a reply brief on May 8, 2018. Doc. 55. For the reasons stated below, the Court respectfully recommends the motion be denied.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

I.   **Background**

On November 21, 2017, Elwadi filed this case against Defendants Yassir Alam, LLC, d/b/a Gator Mini Mart and d/b/a Zainab's Soulfood Takeout, and Yassir Hasan, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, and Florida law.  Doc. 1 at 1.  The Complaint alleged Defendants employed Elwadi as a cashier and failed to pay him minimum wage under the FLSA and Florida law and failed to pay overtime wages.  *Id.* ¶¶ 24-42.  On December 14, 2017, Defendants moved to dismiss the Complaint for failure to state a claim and lack of subject matter jurisdiction.  Doc. 10 at 1.  On January 29, 2018, United States District Judge Sheri Polster Chappell dismissed without prejudice the Complaint, finding that Elwadi "met his burden to establish subject-matter jurisdiction" but failed to sufficiently allege a necessary element of his FLSA claim.  Doc. 24 at 1, 4-6.  Specifically, Judge Chappell found that Elwadi failed to plausibly allege that at the time of his employment Defendants were engaged in interstate commerce, an element of an FLSA claim commonly referred to as "enterprise coverage," because he did not allege Defendants employed more than two individuals engaged in interstate commerce.  *Id.* at 6.  Judge Chappell noted, however, that this could be cured by amending the Complaint and granted Elwadi leave to file an amended complaint.  *Id.*

In accordance with Judge Chappell's Order, Elwadi filed an Amended Complaint on February 7, 2018.  *See* Doc. 25.  The Amended Complaint addressed the enterprise coverage issue by alleging that "[d]uring all times during Plaintiff's employment with the Defendants, the Defendants employed at least four (4)

employees engaged in interstate commerce." *Id.* ¶ 3. Defendants again moved to dismiss for failure to state a claim, asserting that the additional allegations still were insufficient.³ Doc. 27 at 1-2. Judge Chappell dismissed the Amended Complaint for failure to sufficiently allege enterprise coverage, explaining that Elwadi "only generally allege[d] that Defendants employed at least four employees engaged in interstate commerce[.]" Doc. 43 at 5-6. Judge Chappell's Order dismissed the Amended Complaint without prejudice but did not grant leave to amend the complaint and directed the Clerk to enter final judgment and close the file. *Id.* The Clerk entered judgment in favor of Defendants on March 22, 2018. Doc. 45.

Defendants filed the present motion on April 4, 2018. Doc. 49. Defendants acknowledge the FLSA does not provide for an award of attorney's fees to prevailing defendants but request the Court award attorney's fees to them as the prevailing parties under the Court's inherent authority to award fees against a party who litigated a frivolous claim in bad faith. *See id.* at 1-2, 5. Elwadi disputes that Defendants qualify as "prevailing parties" for attorney's fees purposes and Defendants' assertion that Elwadi litigated in bad faith. *See* Doc. 52 at 1. The Court will address each issue in turn.

---

³ Defendants also moved to dismiss the Amended Complaint because Elwadi allegedly engaged in "witness tampering" by attempting to bribe potential witnesses in the case "to provide false testimony . . . in exchange for financial compensation." Doc. 27 at 1. Judge Chappell declined to impose sanctions for the alleged "witness tampering[,]" finding that the issue was "more of a dispute regarding the credibility of witnesses involved in the normal discovery, fact-finding process." Doc. 43 at 5.

## II. Analysis

Parties generally are required to bear their own litigation expenses regardless of who wins or loses. *Fox v. Vice*, 563 U.S. 826, 833 (2011). The Supreme Court has stated that "this principle is so firmly entrenched that it is known as the 'American Rule.'" *Id.* Two exceptions to the traditional "American Rule" provide that courts (1) may award attorney's fees when the relevant statute explicitly authorizes it and (2) may otherwise exercise its inherent authority to award fees against a party that litigated in bad faith. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 245, 256-59 (1975) (courts have "inherent power" to award attorney's fees where the losing party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons"). The FLSA authorizes district courts to award attorney's fees to prevailing plaintiffs but is silent as to prevailing defendants. 29 U.S.C. § 216(b). The Eleventh Circuit has held "the FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith." *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998) (citing *Kreager v. Solomon & Flanagan*, 775 F.2d 1541, 1543 (11th Cir. 1985)).

### A. *Whether Defendants qualify as "prevailing parties"*

Defendants argue they qualify as prevailing parties based on the dismissal without prejudice of the Amended Complaint. Doc. 49 at 4. The dismissal, according to Defendants, was a final judgment on the merits that should result in an award of attorney's fees. *Id.* Elwadi responds that the dismissal for failure to

sufficiently allege enterprise coverage was a dismissal for lack of subject matter jurisdiction and not a judgment on the merits.  Doc. 52 at 5.  Thus, because Elwadi's FLSA claims were dismissed "on jurisdictional considerations because [Elwadi] had failed to sufficiently allege enterprise coverage, and the Defendants concede [Elwadi] could refile his claim[,]" Defendants did not "prevail" on the merits of any claim.  *Id.*  Elwadi also argues the Court's dismissal *without prejudice* of the Amended Complaint is not a judgment on the merits because Elwadi could re-file his claims.  *See id.*  Defendants reply that the Court's dismissal based on the enterprise coverage issue was a decision on the merits and cite case law in support of the proposition that "whether enterprise coverage in an FLSA lawsuit exists is a question that implicates both jurisdiction **and the merits of the case.**"  Doc. 55 at 1 (emphasis in original) (citing *Gonzalez v. Old Lisbon Restaurant & Bar LLC*, 820 F. Supp. 2d 1365, 1368 (S.D. Fla. 2011); *Diaz v. Solmar Restaurant, Inc.*, No. 08-21379-CIV, 2008 WL 5787709, at *1 (S.D. Fla. Dec. 22, 2008)).

An award of attorney's fees to a party as a "prevailing party" is permitted only when the party obtains a "material alteration in the legal relationship of the parties[.]"  *Buckhannon Bd. and Care Home, Inc. v. West Va. Dept. of Health and Human Resources*, 532 U.S. 598, 604 (2001) (internal quotation marks and citation omitted).  "[E]nforceable judgments on the merits and court-ordered consent decrees create" the required alteration in the legal relationship of the parties.  *Id.*  Under Rule 41(b) of the Federal Rules of Civil Procedure, an involuntary dismissal of a case "operates as an adjudication on the merits" unless (1) "the dismissal order states

otherwise" or (2) the dismissal is for lack of jurisdiction, improper venue or failure to join a party under Rule 19. Fed. R. Civ. P. 41(b). "A dismissal without prejudice is not an adjudication on the merits[.]" *Hughes v. Lott,* 350 F.3d 1157, 1161 (11th Cir. 2003).

The Court recommends Defendants are not prevailing parties for purposes of awarding attorney's fees. First, the enterprise coverage issue is a question involving both subject matter jurisdiction and the merits of an FLSA claim. *See* Doc. 24 at 3-4; *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879 (11th Cir. 2008). In a similar FLSA case, the Eleventh Circuit explained that jurisdiction and the merits of a cause of action become "intertwined" when "'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" *Turcios,* 275 F. App'x at 881 (quoting *Sun Valley Gasoline, Inc. v. Ernst Enters.,* 711 F.2d 138, 139-40 (9th Cir. 1983)). In *Turcios*, the court explained that the enterprise coverage issue implicates both the merits of an FLSA claim and the court's subject matter jurisdiction over the claim. *Id.* at 882.

Here, Judge Chappell's Order dismissing the original Complaint found that Elwadi established subject-matter jurisdiction[4] but failed to state a claim under the FLSA based on the enterprise coverage issue. Doc. 24 at 7. The Order dismissing the Amended Complaint held that Elwadi failed to sufficiently plead enterprise coverage without deciding that subject matter jurisdiction was necessarily

---

[4] Judge Chappell also noted, however, that subject matter jurisdiction would remain a "'live' issue for the duration of the case[.]" Doc. 24 at 4.

established. *See* Doc. 43 at 5. Because failing to sufficiently plead enterprise coverage involves both subject matter jurisdiction and the merits of the FLSA claim, the dismissal at least "implicates" the merits of Elwadi's FLSA claim. *See Turcios*, 275 F. App'x at 882. Although the Court determined that Elwadi did not sufficiently allege enterprise coverage, however, it did not determine that he *could* not, and dismissed the claims without prejudice to Elwadi re-filing. *See* Doc. 43 at 5-6. Under Rule 41, an involuntary dismissal for failure to state a claim operates as an adjudication on the merits unless the dismissal order indicates otherwise. *See* Fed. R. Civ. P. 41(b). Here, the dismissal order *did* indicate otherwise by dismissing the claim without prejudice to Elwadi re-filing the same claim. Doc. 43 at 5-6; *see Orlando Communications LLC v. LG Electronics, Inc.*, No. 6:14-CV-1017-ORL-22, 2015 WL 4694066, at *3 (M.D. Fla. Aug. 6, 2015) (dismissal order expressly allowing plaintiff to re-file case was not adjudication on the merits under Rule 41(b) because the order "state[d] otherwise" by allowing re-filing); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim").

Because a dismissal without prejudice "is not an adjudication on the merits" and the dismissal did not materially alter the parties' legal relationship such that Elwadi could not re-file the same claims against Defendants, the Court respectfully recommends Defendants are not "prevailing parties" for attorney's fees purposes. *See Hughes*, 350 F.3d at 1161. Even if they could show they were prevailing parties,

however, the Court recommends Defendants have not shown Elwadi litigated in bad faith.

### B. Whether Elwadi litigated in bad faith

Defendants argue the Court should award attorney's fees because Elwadi "litigated a frivolous claim in bad faith." Doc. 49 at 5-6. Defendants continue that Elwadi never established a prima facie case under the FLSA; Defendants never offered to settle the claims; and the case was dismissed prior to trial. *Id.* at 6-7. Defendants contend these factors "weigh[] strongly in favor of finding that Plaintiff's claims were frivolous." *See id.* at 6. Defendants also note that Elwadi's counsel had an FLSA complaint dismissed in 2011 that failed to sufficiently allege enterprise coverage, arguing that Elwadi's counsel was on "express notice" that the Complaint and Amended Complaint in this case failed to sufficiently allege enterprise coverage. *See id.* at 7. Defendants allege this gives rise to an inference of bad faith in Elwadi's decision to file the pleadings anyway. *See id.*

Elwadi responds that frivolousness is not the standard and Defendants must show Elwadi filed his FLSA claims "in bad faith, vexatiously, wantonly, or for oppressive reasons." Doc. 52 at 10 (citing *Turlington*, 135 F.3d at 1437-38). Elwadi argues that the bad faith inquiry is focused on the party's conduct and motive rather than on the validity of the party's claim, and emphasizes that bad faith "is a ***stringent*** standard that makes it difficult for a defendant to prevail." *Id.* (emphasis in original) (citing *Murray v. Playmaker Servs., LLC*, 548 F. Supp. 2d 1378, 1382 (S.D. Fla. 2008)). Defendants reply that Elwadi failed to demonstrate good faith and

- 8 -

continue to argue that the claims were frivolous, and Defendants never offered to settle. *See* Doc. 55 at 3-4.

"A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting litigation or hampering enforcement of a court order." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (quoting *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). When assessing whether a party has acted in bad faith, the court focuses on the party's conduct and motive preceding and during litigation instead of on the validity of the claim. *Kreager*, 775 F.2d at 1543 (citing *Rothenberg v. Sec. Mgmt. Co., Inc.*, 736 F.2d 1470, 1472 (11th Cir. 1984)). "Bad faith is a stringent standard that makes it difficult for a defendant to prevail." *Ellis v. All of My Sons Moving Storage of Orlando, Inc.*, No. 6:07-CV-2017-ORL-19DAB, 2009 WL 2496626, at *2 (M.D. Fla. Aug. 12, 2009) (citing *Murray*, 548 F. Supp. 2d at 1382). Under the FLSA, awarding attorney's fees to a prevailing defendant is appropriate "only where the district court finds that the plaintiff litigated in bad faith." *Turlington*, 135 F.3d at 1437 (citing *Kreager*, 775 F.2d at 1543).

Here, Defendants argue that Elwadi litigated the case in bad faith because the FLSA claims were frivolous. *See generally* Docs. 49, 55. Defendants must show that Elwadi acted in bad faith in bringing the FLSA claims, however, not just that the claims were frivolous. *See Turlington*, 135 F.3d at 1437-38. Defendants have

offered little support for the assertion that Elwadi brought his FLSA claims for the purpose of harassing Defendants, that Elwadi "knowingly or recklessly" brought frivolous claims, or that Elwadi otherwise litigated the case in bad faith. See *Barnes*, 158 F.3d at 1214. Thus, the Court recommends Defendants have not met the "stringent standard" of showing Elwadi litigated the case in bad faith and they are not entitled to an award of attorney's fees. See *Ellis*, 2009 WL 2496626, at *2.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

Defendants' Verified Motion for Attorney's Fees (Doc. 49) be **DENIED**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 14th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record